UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60426-CIV-COHN/SELTZER

DAVID MANZI,

    Plaintiff,

v.

HARTMAN and TYNER, INC. d/b/a
MARDI GRAS GAMING, a Florida
corporation,

    Defendant.
_____/

## ORDER DENYING MOTION TO PROCEED AS COLLECTIVE ACTION

**THIS CAUSE** is before the Court on Plaintiff David Manzi's Motion to Proceed as Collective Action Against Defendant [DE 9] ("Motion"). The Court has considered the Motion and accompanying Affidavit of David Manzi [DE 11-1] ("Manzi Affidavit"),[1] Plaintiff's Proposed Notice [DE 9-1], Defendant Hartman and Tyner, Inc. d/b/a Mardi Gras Gaming's Response [DE 10], Defendant's Proposed Notice [DE 10-2], Plaintiff's Reply [DE 12], and the record in this case, and is otherwise fully advised in the premises.[2]

---

[1] Plaintiff inadvertently filed an unsigned and unexecuted affidavit [DE 9-2] along with his Motion. On April 25, 2011, he filed the executed copy. See Notice of Filing [DE 11].

[2] The Court notes that contrary to Defendant's argument, the Motion is not untimely. The Court's Scheduling Order [DE 5] set the deadline for joinder of parties as April 7, 2011, see Sched. Order at 2 ¶ 5, the same day that Plaintiff filed his Motion. Therefore, the Court considers the Motion on its merits.

## I.  BACKGROUND

On February 25, 2011, Plaintiff David Manzi brought this action on behalf of himself and all others similarly situated against Defendant Hartman and Tyner, Inc. d/b/a Mardi Gras Gaming.  Collective Action Complaint [DE 1] ("Complaint") at 1.  Plaintiff brings a single claim for violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA").  Id. at 3.  According to the Complaint, Plaintiff worked as a poker dealer at Defendant's casino from July 1, 2008 to July 25, 2010.  Id. ¶¶ 6-7.  Plaintiff alleges that Defendant claimed a "tip-credit" for him and other similarly situated employees and paid those employees below the statutorily required minimum wage, id. ¶¶ 7-8, but that "Defendant failed to comply with the 'tip-credit' requirements pursuant to the FLSA by including, amongst others, floor supervisors and cashiers as 'tipped' employees that received a portion of the Plaintiff's tips," id. ¶ 10.  As a result, Plaintiff contends, "Defendant[ is] unable to claim a 'tip-credit', [and] is required to compensate Plaintiff and others similarly situated, with at least minimum wage."  Id. ¶ 12.

On April 7, 2011, Plaintiff filed the instant Motion to Proceed as Collective Action Against Defendant.  Defendant opposes conditional class certification and notice.

## II. LEGAL STANDARD

Section 216(b) of the FLSA permits an employee to bring an action against his employer for FLSA violations on behalf of himself and "other employees similarly situated."  29 U.S.C. § 216(b) (1998).  Moreover, § 216(b) contains an opt-in provision that requires all similarly situated employees to consent in writing before becoming party-plaintiffs.  Id.  It is well settled in the Eleventh Circuit that a district court has the

authority to issue an order requiring notice to similarly situated persons in order to facilitate the opt-in process.  See Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996); Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991). Before determining whether to exercise such power, however, Dybach instructs that "the district court should satisfy itself that there are other employees . . . [(1)] who desire to 'opt-in' and [(2)] who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." Dybach, 942 F.2d at 1567-68.

The Eleventh Circuit recommends a two-tiered approach in determining whether to notify and certify a § 216(b) opt-in class. Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001). Under this approach, the Court initially applies a lenient standard when deciding whether to conditionally certify a class in the early stages of litigation, and applies a more rigorous standard in the later stages of litigation, usually when the defendant files a motion for decertification. See id. at 1218, 1219. This case is currently in the early stages of litigation, so the Court will apply the lenient standard.

### III. ANALYSIS

Even under the lenient standard, Plaintiff still has "the burden of demonstrating a reasonable basis for crediting [his] assertions that aggrieved individuals existed in the broad class that [he] proposed." Haynes v. Singer Co, Inc., 696 F.2d 884, 887 (11th Cir. 1983). As described below, Plaintiff fails to meet his burden as to the first Dybach requirement. Dybach, 942 F.2d at 1567-68.

Under Dybach's first requirement, a Plaintiff must show that there are other employees who desire to opt-in before a court can conditionally certify a class. Dybach, 942 F.2d at 1567-68. In making this showing, a plaintiff cannot rely on speculative,

3

vague, and conclusory allegations.  Rodgers v. CVS Pharm., Inc., No. 8:05-CV770T-27MSS, 2006 WL 752831, at *3 (M.D. Fla. March 23, 2003).  Instead, the plaintiff must offer "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary."  Grayson, 79 F.3d at 1097.

In his affidavit, Plaintiff states, "I am aware of other poker dealers who are willing to join this lawsuit," Manzi Aff. ¶ 8, but he does not expand on his alleged "awareness."  No other individual has filed a notice of consent to opt-in or an affidavit demonstrating an intent to opt-in.  Plaintiff's conclusory statement, without any other details, cannot provide the basis for class certification.  See Grayson, 79 F.3d at 1097; Rodgers, 2006 WL 752831, at *3.  "A plaintiff's or counsel's belief in the existence of other employees who desire to opt in and 'unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify' certification of a collective action and notice to a potential class."  Rodgers, 2006 WL 752831, at *3.  Though courts have granted collective class notice motions where only a small number of additional plaintiffs joined after the lawsuit was filed, see, e.g., Pendlebury v. Starbucks Coffee Co., No. 04-CV-80521, 2005 WL 84500, at *2, *3 (S.D. Fla. Jan. 3, 2005) (ten additional plaintiffs indicated willingness to opt-in); Barrett v. Capital Acquisitions Mgmt. Co., No. 03-62091-CIV, 2004 WL 5309097, at *2 (S.D. Fla. March 15, 2004) (eight additional plaintiffs joined), Plaintiff has not demonstrated that a single additional plaintiff wishes to opt-in to this case.

Plaintiff also argues, "considering the Defendant's [three] prior tip-pool FLSA lawsuits that have encompassed at least thirteen (13) other plaintiffs, it is clear that potential opt-ins exist and are likely to join."  Reply at 5.  The Court disagrees.  The

4

mere fact that Defendant has been sued before does not necessarily mean that there are other potential plaintiffs who wish to join *the instant suit.*³ The Court will not engage in speculation based on past lawsuits. See Rodgers, 2006 WL 752831, at *3. "Rather, a showing that others desire to opt-in is required before certification and notice will be authorized by the court," id., and Plaintiff has not made such a showing here.

### IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Conditional Collective Action Certification [DE 14] is **DENIED without prejudice**. Plaintiff may refile a motion in accordance with the standards described above by **June 6, 2011**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 25th day of May, 2011.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

---

³ The three prior FLSA lawsuits against Defendant were Wajcman et al. v. Hartman & Tyner, Inc., Case No. 07-61472-CIV-COHN/SELTZER (S.D. Fla. filed Oct. 15, 2007), Tafarella et al. v. Hollywood Greyhound Track, Inc. et al., Case No. 07-60017-CIV-COOKE/BROWN (S.D. Fla. filed Jan. 5, 2006), and Dunn v. Hartman & Tyner, Inc., Case No. 10-61172-CIV-JORDAN/MCALILEY (S.D. Fla. filed July 8, 2010). The courts in two of these cases, Wajcman and Tafarella, granted conditional class certification and allowed notification. However, distinct from this case, in Wajcman, Defendant did not oppose the plaintiff's request to allow notification, see Wajcman, Case No. Case No. 07-61472-CIV-COHN/SELTZER, DE 16 at 3 (S.D. Fla. Jan. 23, 2008), and in Tafarella, there were three Notices of Consent to Join filed, Tafarella, Case No.  07-60017-CIV-COOKE/BROWN, DE's 16, 17, 18 (S.D. Fla. March 26, 2007). In Dunn, the plaintiff did not request to proceed as a collective action. See Dunn, Case No. 10-61172-CIV-JORDAN/MCALILEY (S.D. Fla. filed July 8, 2010).