UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60426-CIV-COHN/SELTZER

DAVID MANZI,

    Plaintiff,

v.

HARTMAN and TYNER, INC. d/b/a
MARDI GRAS GAMING, a Florida
corporation,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S AMENDED MOTION TO PROCEED AS COLLECTIVE ACTION AGAINST DEFENDANT

**THIS CAUSE** is before the Court on Plaintiff David Manzi's Amended Motion to Proceed as Collective Action Against Defendant [DE 14] ("Motion"). The Court has considered the Motion, Defendant Hartman and Tyner, Inc. d/b/a Mardi Gras Gaming's Response [DE 15], Plaintiff's Reply [DE 16], and the accompanying affidavits, Affidavit of Scott Davidson [DE 14-1] ("Davidson Affidavit"), Affidavit of Nicholas Farantatos [DE 14-2] ("Farantatos Affidavit"), and Affidavit of Marie Martinez [DE 16-1] ("Martinez Affidavit"), and is otherwise fully advised in the premises.

### I. BACKGROUND

On February 25, 2011, Plaintiff David Manzi brought this action on behalf of himself and all others similarly situated against Defendant Hartman and Tyner, Inc. d/b/a Mardi Gras Gaming. Collective Action Complaint [DE 1] ("Complaint") at 1. The Complaint brings a single claim for violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). Id. at 3. According to the Complaint, Plaintiff worked as a poker dealer at Defendant's casino from July 1, 2008 to July 25, 2010. Id. ¶¶ 6-7. Plaintiff

alleges that Defendant claimed a "tip-credit" for him and other similarly situated employees and paid those employees below the statutorily required minimum wage, id. ¶¶ 7-8, but that "Defendant failed to comply with the 'tip-credit' requirements pursuant to the FLSA by including, amongst others, floor supervisors and cashiers as 'tipped' employees that received a portion of the Plaintiff's tips," id. ¶ 10.  As a result, Plaintiff contends, "Defendant[ is] unable to claim a 'tip-credit', [and] is required to compensate Plaintiff and others similarly situated, with at least minimum wage."  Id. ¶ 12.

On April 7, 2011, Plaintiff filed his first Motion to Proceed as Collective Action Against Defendant [DE 9].  On May 25, 2011, the Court denied the motion for failure to show that there are other employees who desire to opt-in to this case [DE 13] ("May 25th Order").  The Court granted Plaintiff leave to refile his motion in accordance with the standards described in the Order.  Id. at 5.  On June 2, 2011, Plaintiff filed the instant Motion, his second attempt to obtain collective action certification and notice.  Once again, Defendant opposes the relief sought.

## II. LEGAL STANDARD

Section 216(b) of the FLSA permits an employee to bring an action against his employer for FLSA violations on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b) (1998).  Moreover, § 216(b) contains an opt-in provision that requires all similarly situated employees to consent in writing before becoming party-plaintiffs.  Id.  It is well settled in the Eleventh Circuit that a district court has the authority to issue an order requiring notice to similarly situated persons in order to facilitate the opt-in process.  See Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996); Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991).  Before determining whether to exercise such power, however, Dybach instructs that

"the district court should satisfy itself that there are other employees . . . [(1)] who desire to 'opt-in' and [(2)] who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." Dybach, 942 F.2d at 1567-68.

The Eleventh Circuit recommends a two-tiered approach in determining whether to certify and notify a § 216(b) opt-in class. Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001). Under this approach, the Court initially applies a lenient standard when deciding whether to conditionally certify a class in the early stages of litigation, and applies a more rigorous standard in the later stages of litigation, usually when the defendant files a motion for decertification. See id. at 1218, 1219.

This case is currently in the early stages of litigation, so the Court will apply the lenient standard. However, even under the lenient standard, Plaintiff still has "the burden of demonstrating a reasonable basis for crediting [his] assertions that aggrieved individuals existed in the broad class that [he] proposed." Haynes v. Singer Co, Inc., 696 F.2d 884, 887 (11th Cir. 1983).

### III. ANALYSIS

As with Plaintiff's first Motion to Proceed as Collective Action, Defendant once again responds that Plaintiff has not met his burden as to the first Dybach requirement. See Dybach, 942 F.2d at 1567-68. Specifically, Defendant contends, "Plaintiff cannot satisfy his burden that the putative class represents a 'collective class' merely by filing only two Affidavits of former employees, especially if those former employees do not assert that there are other similarly situated employees who wish to join in the action." Resp. at 3. With his Reply, Plaintiff submitted one additional affidavit of a potential plaintiff who would opt-in. See Martinez Aff.

Under Dybach's first requirement, a Plaintiff must show that there are other

employees who desire to opt-in before a court can conditionally certify a class.  <u>Dybach</u>, 942 F.2d at 1567-68.  In making this showing, a plaintiff cannot rely on speculative, vague, and conclusory allegations.  <u>Rodgers v. CVS Pharm., Inc.</u>, No. 8:05-CV770T-27MSS, 2006 WL 752831, at *3 (M.D. Fla. March 23, 2003).  Instead, the plaintiff must offer "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary."  <u>Grayson</u>, 79 F.3d at 1097.

In the Affidavit of David Manzi [DE 11-1] ("Manzi Affidavit"), submitted in support of his first motion, Plaintiff stated, "I am aware of other poker dealers who are willing to join this lawsuit," Manzi Aff. ¶ 8, but he did not expand on his alleged "awareness."  Plaintiff has not submitted any of his own additional sworn statements in support of the instant Motion.  As the Court noted in its previous Order:

> Plaintiff's conclusory statement, without any other details, cannot provide the basis for class certification.  <u>See</u> <u>Grayson</u>, 79 F.3d at 1097; <u>Rodgers</u>, 2006 WL 752831, at *3.  "A plaintiff's or counsel's belief in the existence of other employees who desire to opt in and 'unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify' certification of a collective action and notice to a potential class."  <u>Rodgers</u>, 2006 WL 752831, at *3.  Though courts have granted collective class notice motions where only a small number of additional plaintiffs joined after the lawsuit was filed, <u>see, e.g.</u>, <u>Pendlebury v. Starbucks Coffee Co.</u>, No. 04-CV-80521, 2005 WL 84500, at *2, *3 (S.D. Fla. Jan. 3, 2005) (ten additional plaintiffs indicated willingness to opt-in); <u>Barrett v. Capital Acquisitions Mgmt. Co.</u>, No. 03-62091-CIV, 2004 WL 5309097, at *2 (S.D. Fla. March 15, 2004) (eight additional plaintiffs joined), Plaintiff has not demonstrated that a single additional plaintiff wishes to opt-in to this case.

May 25th Order at 4.

This time, Plaintiff attaches two affidavits to his Motion, Davidson Aff; Farantatos Aff., and an additional affidavit to his Reply, Martinez Aff.  The three affidavits contain identical declarations: each states that its affiant worked as a tipped poker dealer for Defendant, was required to disburse a portion of tips to Defendant's supervisors and cashiers, and if notified, "would join in a lawsuit for the recovery of my wages."  <u>See</u>

4

Davidson Aff.; Farantatos Aff.; Martinez Aff.  Plaintiff maintains that these affidavits are sufficient to show "that there are additional Plaintiff[s] that would opt-in to this case had they received notice, which is specifically what was required by the Court's order denying the initial Motion to Proceed."  Reply at 3.

Yet, the Court's Order did not only require three affidavits showing that three individuals would opt-in.  Rather, the Order articulated, among other things, that to meet his burden, a plaintiff seeking class certification must offer "*detailed* allegations supported by affidavits," Grayson, 79 F.3d at 1097 (emphasis added), which Plaintiff has not done here.  Like Kessler v. Life Savers Serv. Providers, LLC, Case No. 6:06-CV-1442-ORL-19JGG, 2007 WL 1531395 (M.D. Fla. May 25, 2007), where the court denied collective action certification when neither the plaintiff nor the affiant "provide[d] any specific facts to support their belief that other employees [we]re interested in opting in," id. at *3, neither Plaintiff nor any of his three affiants has provided such information in this case.

In fact, neither Plaintiff nor his affiants have suggested that there are any additional employees, other than themselves, who desire to opt-in.  Plaintiff has not submitted any sworn testimony that he knows of any other poker dealers willing to join the suit, nor do any of the affidavits now on file declare knowledge of other potential plaintiffs.  Even after this case has been pending for almost five months, there is still no reason for the Court to believe that anyone else wishes to join this suit other than Plaintiff, Mr. Davidson, Mr. Farantatos, and Ms. Martinez.  Perhaps Plaintiff, by submitting the three affidavits, intended to imply that other similar plaintiffs also existed, "[b]ut the opposite inference—that all those interested in joining this lawsuit have already done so—is also plausible."  Barrera v. Oficina, Inc., Case No. 10-21382-CIV,

2010 WL 4384212, at *2 (S.D. Fla. Oct. 28, 2010).

"Congress' purpose in authorizing § 216(b) class actions was to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer." Prickett v. DeKalb Cnty., 349 F.3d 1294, 1297 (11th Cir. 2003).  Plaintiff has provided no reason for this Court to find that a potential class of four employees is large enough to justify class treatment. See Kessler, 2007 WL 1531395, at * 3 (finding potential class of ten employees not large enough for class treatment).  "Plaintiff does not have a heavy burden to carry to establish that similarly situated employees exist," Williams v. Imperial Hosp. Group, Inc., Case No. 10-60835-CIV, 2010 WL 3943590, *2 (S.D. Fla. Oct. 6, 2010), but "[i]f [he does] not satisfy [his] burden, the Court should decline the certification of collective action to avoid the 'stirring up' of litigation through unwarranted solicitation," Barrera, 2010 WL 4384212, at *2 (quotations omitted).  Plaintiff has not met his burden here, so the Court must deny his Motion.

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Amended Motion to Proceed as Collective Action Against Defendant [DE 14] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 8th day of July, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF